# UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF OHIO

| | |
|---|---|
| **Rebel Underwood, Administratrix of the Estate of David A. Underwood, deceased**<br>338 Benton Road<br>Sycamore, OH 44882<br><br>Plaintiff,<br>v.<br><br>**United States of America**<br>Serve:<br>**Attorney General of the United States**<br>Main Justice Building<br>10th and Constitution Ave., N.W.<br>Washington, D.C. 20530<br><br>and<br><br>**U.S. Attorney for the Northern District of Ohio**<br>Four SeaGate, Suite 308<br>Toledo, OH 43604-2624<br><br>and<br><br>**Mercy Health Physicians – North, LLC**<br>2409 Cherry St.<br>MOB 1, Fourth Floor<br>Toledo, OH 43608<br><br>and<br><br>**Ali Ahmad, M. D.**<br>c/o Mercy Health Tiffin Cardiology Specialists<br>45 Saint Lawrence Dr.<br>Tiffin, OH 44883<br><br>Defendants. | Case No.:<br><br>Judge<br><br>**COMPLAINT**<br>**(Federal Tort Claims Act)** |

## COUNT ONE

1.) Plaintiff Rebel Underwood is the duly appointed administratrix of the estate of David A. Underwood, deceased.

2.) Plaintiff Rebel Underwood sues the defendant United States of America pursuant to the Federal Tort Claims Act, 28 U.S.C. §1346(b), for injuries and death caused to plaintiff's decedent, David A. Underwood, by the negligence of Luke Davis, CNP, an employee of the Public Health Service, employed through the Tiffin Community Health Center, Tiffin, Ohio.

3.) An administrative claim was timely presented to the U.S. Department of Health & Human Services on March 9, 2018, and that claim was denied on June 6, 2018.

4.) This court has jurisdiction over this case pursuant to the Federal Tort Claims Act, 28 U.S.C. §1346(b).

5.) Plaintiff's decedent, David A. Underwood, at the time of death was 62 years old and a patient of the Tiffin Community Health Center since October 2015.

6.) Plaintiff's decedent presented to the Tiffin Community Health Center on June 7, 2016, where he was seen and evaluated by defendant's employee Luke Davis, CNP.

7.) At his June 7, 2016 visit with Luke Davis, CNP, plaintiff's decedent was complaining of intermittent, acute chest pain with shortness of breath on exertion for the previous two weeks.

8.) Luke Davis failed to recognize that plaintiff's decedent's complaints were indicative of the condition of unstable angina, and refer him for immediate hospitalization and/or evaluation by a cardiologist, and this failure constituted a departure from the applicable standards of care.

9.) Luke Davis referred plaintiff's decedent to the office of cardiologist defendant Ali Ahmad, M.D., where he was not seen and evaluated until June 23, 2016.

10.) At his office visit and evaluation with defendant Ahmad, plaintiff's decedent expressed the same, but worsening complaints he had made to Luke Davis two weeks earlier, which complaints were indicative of the condition of unstable angina requiring hospitalization.

11.) Defendant Ahmad failed to hospitalize plaintiff's decedent immediately for a cardiac catheterization procedure, and instead scheduled him for a stress test to take place on July 5, 2016, and this failure was a departure from the applicable standards of care.

12.) On June 26, 2016, David A. Underwood died of a cardiac arrhythmia, which would have been prevented had the standard of care been followed by defendants.

13.) At all times relevant to this complaint, Luke Davis, CNP was an employee of the United States of America through a federally funded clinic of the Public Health Service, acting within the scope of his employment.

14.) At all times relevant to this complaint, Ali Ahmad, M.D. was an employee of defendant Mercy Health Physicians – North, LLC, acting within the scope of his employment.

15.) The principal place of business for Mercy Health Physicians – North, LLC is Lucas County, Ohio.

16.) As a direct and proximate result of the negligence and departures from applicable standards of care by the defendants, plaintiff's decedent, David A. Underwood, suffered physical and emotional pain, a loss of enjoyment and death.

16.) As a direct and proximate result of the negligence and departures from applicable standards of care by the defendants, David A. Underwood's estate has incurred economic loss in an amount yet to be determined.

3

17.) An affidavit of merit, compliant with Ohio Civ.R. 10(D)(2), is being filed with this complaint as required for the state defendant, Ali Ahmad, M.D.

## COUNT TWO

18.) Plaintiff Rebel Underwood, as Administratrix of the Estate of David A. Underwood, realleges paragraphs one through seventeen as if fully rewritten.

19.) Plaintiff's action under Count Two against the state defendants, is brought pursuant to R.C. 2125.01 et seq. for the exclusive benefit of David A. Underwood's next-of-kin.

20.) Plaintiff Rebel Underwood states that by virtue of the death of David A. Underwood she and the other next-of-kin have suffered a pecuniary loss, a loss of David Underwood's services, society and companionship and also suffered bereavement and mental anguish.

21.) Plaintiff Rebel Underwood states that as Administratrix of the Estate of David A. Underwood she has incurred funeral and burial expense by reason of wrongful death.

22.) Plaintiff's claims against the state defendants were previously filed on November, 30, 2016, and those claims were dismissed without prejudice on June 20, 2018.

**WHEREFORE**, plaintiff Rebel Underwood demands Judgment jointly and severally against the defendants for 2 million dollars plus interest and costs.

Respectfully submitted,

/s/ Gary W. Osborne

GARY W. OSBORNE (0001957)
2754 Centennial Road
Toledo, OH 43617-1829
Phone: (419) 842-8200
Fax: (419) 843-5103
Email: go@garyosbornelaw.com

*Attorney for Plaintiff*

4